UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re* BAYCOL PRODUCTS LITIGATION | MDL NO. 1431 (MJD/SRN) |
| | **REPORT AND RECOMMENDATION** |
| This Document Relates to: | |
| *Willis Allen v. Bayer AG, et al.* | Case No. 04-3331 |

No appearance on behalf of Plaintiff Willis Allen

Susan A. Weber and James W. Mizgala, Esqs., on behalf of Defendant Bayer Corporation

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Willis Allen (Doc. No. 11). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Federal Rules of Civil Procedure 37(b)(2)(C) and 37(d) for Plaintiff's failure to appear at his duly noticed deposition on May 30, 2007, in Birmingham, Alabama. Section I.A.2 of PTO 149 provides, in relevant part:

> d.     Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

e.  If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On May 1, 2007, fully consistent with PTO 149, Bayer served a Notice of Deposition on Plaintiff Willis Allen, who is proceeding pro se, to be taken on May 30, 2007, at the offices of Bradley Arant Rose & White LLP in Birmingham, Alabama. Plaintiff did not notify Bayer of his intention not to be deposed, and he did not appear at the deposition. Bayer therefore created a record documenting Plaintiff's failure to appear. Fees for the court reporter's services totaled $66.75.

## II.  DISCUSSION

Defendant Bayer argues that Plaintiff willfully violated PTO 149, which established mandatory procedures for case-specific discovery, and that Bayer was substantially prejudiced by Plaintiff's failure to appear for his deposition. Bayer specifically contends that Plaintiff's non-attendance at the deposition prevented it from eliciting critical factual testimony on a wide range of topics such as whether Plaintiff used Baycol; the nature, extent, and potential causes of his alleged injuries; and the extent of damages. Further, Bayer submits that Plaintiff's deliberate failure to attend his deposition demonstrates a lack of interest in this case and abandonment of his claims. Plaintiff did not respond to Bayer's motion.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit

discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted). While a district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, a court must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. Id. (citations omitted). The Court notes that the sanction of dismissal has been found appropriate in similar Baycol matters. See, e.g., Toles v. Bayer Corp., Civ. No. 03-1174 (MJD/SRN), slip. op. at 1-2 (D. Minn. Apr. 26, 2007).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action if a plaintiff fails to appear for his or her deposition. Further, the Court finds that Bayer has shown the requisite prejudice. It is undisputed that Bayer is entitled to discover fundamental facts regarding usage of Baycol, injuries, and damages by way of deposition. Plaintiff's willful failure to appear at his deposition, without any notice to Bayer, makes it virtually impossible for Bayer to prepare an adequate defense to his claims. Hence, a sanction of dismissal of Plaintiff's claims is appropriate under these circumstances.

3

This Court must consider, of course, whether a lesser sanction against Plaintiff will cure the prejudice to Bayer.  However, because Plaintiff saw fit to ignore his deposition notice and failed to contact Bayer to cancel or reschedule the deposition, the Court finds, in its discretion, that any lesser sanction would be futile.  It is therefore recommended that Bayer's motion for dismissal be granted.

Section I.A.2.e of PTO 149 provides that, absent a showing of good cause, counsel for a non-appearing party who fails to provide notice to Bayer's counsel that Plaintiff may not appear for his or her deposition will be liable for the fees of the court reporter.  Plaintiff, who was proceeding pro se, clearly should have notified Bayer that he did not intend to appear and should have sought to reschedule his deposition at a time when he could confirm his appearance.  PTO 149 places the burden on Plaintiff to demonstrate good cause to avoid liability for those fees.  Plaintiff has failed to do so.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Willis Allen (Doc. No. 11) be **GRANTED**;

2. Plaintiff Willis Allen's claims be **DISMISSED WITH PREJUDICE**; and

3. Plaintiff be required to pay the sum of $66.75 to Bayer Corporation within 10 days of the District Court's Order should the District Court adopt this Report and Recommendation.

Dated:  August 2, 2007

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 17, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.